UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELCO ADMINISTRATIVE SERVICES COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-09420-SVK<br><br>**ORDER ON PETITION TO VACATE ARBITRATION AWARD**<br><br>Re: Dkt. No. 1 |

## I.　BACKGROUND

In October 2020, Plaintiff Michael Devin Floyd, who appears in this action *pro se*, rented a car from Defendant Enterprise Leasing Company of Georgia, LLC ("Enterprise") in Georgia. Dkt. 1 at 10. Plaintiff obtained insurance to cover collision damage to the rental car but declined the option to buy additional insurance, including liability insurance. *See* Dkt. Ex. 1A to Dkt. 1 at pp. 2-3. Plaintiff was involved in an accident with another vehicle while driving the rented car in Texas. Dkt. 1 at 11. The occupants of the other vehicle made claims for property damage and personal injury, which were settled by ELCO, an Enterprise affiliate that administers claims for Enterprise. Dkt. 1 at 1, 11; Ex. 1A to Dkt. 1 at pp. 2-3. ELCO then sought to collect from Plaintiff $28,500.00 for bodily injury and medical damages to the occupants of the other vehicle and $7,894.81 for property damage to the other vehicle. Ex. 1A to Dkt. 1 at p. 4. Plaintiff subsequently filed a lawsuit against one or more Enterprise entities in Georgia state court, which the state court referred to arbitration before the American Arbitration Association pursuant to the arbitration provision of the car rental agreement. Following briefing and an evidentiary hearing in the arbitration proceeding, the arbitrator issued an arbitration award in the amount of $36,394.81 favor of Enterprise and ELCO on October 1, 2024. Ex. 1A to Dkt. 1 (the "Award").

1  The arbitrator denied the claims of Enterprise and ELCO for attorney's fees and costs. *Id.* The
2  arbitrator also denied Plaintiff's affirmative claims and defenses. *Id.*
3  On December 26, 2024, Plaintiff filed the petition in this action, in which he seeks to
4  vacate the arbitration award. Dkt. 1. Defendants filed both an answer and an opposition to the
5  petition to vacate the arbitration award. Dkt. 4, 9. All Parties have consented to the jurisdiction of
6  a magistrate judge. Dkt. 5, 11. For the reasons discussed below, the Court **DENIES** Plaintiff's
7  petition to vacate the arbitration award.

**II.     LEGAL STANDARD**

In his petition to vacate the Award, Plaintiff cites multiple legal standards applicable to motions to vacate or confirm arbitration awards: (1) Georgia law; (2) California law; and (3) the Federal Arbitration Act ("FAA"). *See, e.g.,* Dkt. 1 at 3-4. "[T]he strong default presumption is that the FAA, not state law, supplies the rules for arbitration." *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002), *opinion amended on denial of reh'g,* 289 F.3d 615 (9th Cir. 2002), *cert. denied*, 537 U.S. 825 (2002). The FAA applies to any contract evidencing a transaction involving commerce that contains an arbitration clause, such as the car rental agreement in this case. *See* 9 U.S.C. § 2. "[T]he FAA still permits parties to agree to arbitrate under state rules that differ from those set forth in the FAA." *Sgromo v. Scott,* No. 19-CV-08170-HSG, 2020 WL 6136092, at *5 (N.D. Cal. Oct. 19, 2020) (internal citation omitted). In order for state law to govern, however, "the parties must clearly evidence their intent to be bound by such rules." *Sovak,* 280 F.3d at 1269. "[A] general choice-of-law clause within an arbitration provision does not trump the presumption that the FAA supplies the rules for arbitration." *Id.* at 1270. Here, the car rental agreement between the Parties provides that the FAA applies. *See* Ex. A to Dkt. 4-2 at PDF p. 18 ¶ 25.

Under the FAA, "the United States court in and for the district wherein the [arbitration] award was made may make an order vacating the award": "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and

material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

"[T]he FAA provides no authorization for a merits review" of an arbitration award, and vacatur is not appropriate unless there is "something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Biller v. Toyota Motor Co.*, 668 F.3d 655, 664-65 (9th Cir. 2012). Arbitrators exceed their powers only if an arbitration award constitutes a "manifest disregard for the law" or is "completely irrational." *See Comedy Club, Inc. v. Improv W. Associates*, 553 F.3d 1277, 1288 (9th Cir. 2009); *see also* 9 U.S.C. § 10(a)(4). The Ninth Circuit has explained that "'[m]anifest disregard of the law' means something more than just an error in the law or a failure on the part of the [arbitrator] to understand or apply the law. It must be clear from the record that the [arbitrator] (1) recognized the applicable law and then (2) ignored it." *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995) (quotations omitted). An award is completely irrational if it fails to "draw its essence from the agreement." *Comedy Club*, 553 F.3d at 1288.

The burden of proof in a proceeding to vacate an arbitration award is on the party seeking relief from the award, which in this case is Plaintiff. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). To carry this burden, Plaintiff must "clear a high hurdle," and "[i]t is not enough for [Plaintiff] to show that the [arbitrator] committed an error—or even a serious error." *Id.*

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Defendants argue that this Court does not have subject matter jurisdiction over Plaintiff's petition to vacate the arbitration award because Plaintiff cannot establish federal question or diversity jurisdiction. Dkt. 9 at 4. The FAA does not serve as a basis for subject matter jurisdiction in this case. The FAA, 9 U.S.C. § 1 *et seq.*, authorizes a party to an arbitration agreement to ask a federal court to confirm or vacate an arbitration award. 9 U.S.C. §§ 9, 10.

3

However, the FAA does not confer federal subject matter jurisdiction. *Badgerow v. Walters,* 596 U.S. 1, 8 (2022). Instead, a federal court must have an "independent jurisdictional basis" to resolve the matter. *Id.* (citation omitted). District courts have subject matter jurisdiction "over two main kinds of cases": federal question and diversity cases. *Id*. at 7. A federal court may not "look through" the petition to the underlying substantive dispute to determine if a basis for federal jurisdiction exists. *Id.* at 10-11. Instead, the court must look at "the face of the application itself" to determine whether it shows that diversity or federal question jurisdiction exists. *See id.* at 9; *see also Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 561 (9th Cir. 2025).

Here, the petition to vacate the arbitration award does not identify any federal question. Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff cites Georgia and California law in his arguments as to why the arbitrator erred (*see* Dkt. 1 at 3-4), but state law does not provide a basis for federal question jurisdiction. *See generally Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 837 (9th Cir. 2004).

The petition to vacate the arbitration award also fails to identify a basis for diversity jurisdiction. Diversity jurisdiction exists where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). The Petition alleges, and Defendants do not dispute, that Plaintiff is a resident of California and that the Defendants "own and operate their business in Georgia." Dkt. 1 at 2. Although the requirement that this action be "between citizens of different states" appears to be satisfied, the amount in controversy requirement must also be satisfied for diversity jurisdiction to exist.

The Award that Plaintiff seeks to vacate was in the amount of $36,394.81, which is less than the amount in controversy requirement. Ex. 1A to Dkt. 1 at p. 10. However, Plaintiff's petition to vacate the Award seeks additional relief as "described within the Petitioner's Answer, Counterclaim, and Cross-Claim to the Demand for Arbitration" which "totals more than $90,000.00." Dkt. 1 at 16 (citing Ex. 2D to Ex. 1). The cited document, which is Plaintiff's answer, counterclaim, and cross-claim/cross-complaint to Defendants' demand for arbitration, included counterclaims for "Improper and Unlawful Vehicle Rental" and "Improper and Unlawful

4

1 Billing." Ex. 2D to Dkt. 1 at p. 8.  The amounts Plaintiff sought on these counterclaims included
2 civil penalties and punitive damages, each in the amount of three times the amount Defendants
3 demanded from Plaintiff ($32,894.81).  *Id.*  In the arbitration, Plaintiff also asserted claims under
4 Georgia's Fair Business Practices Act ("GFPBA") and other provisions of the Georgia Code.  *See*
5 Ex. 1A to Dkt. 1 at p. 4.  In the Award, the arbitrator rejected all of Plaintiff's affirmative claims.
6 *Id.* at p. 10.

7 Whether the Court has diversity jurisdiction boils down to this question:  The amount in
8 controversy requirement would not be satisfied if the amount is measured by the amount of the
9 Award, but the requirement would be satisfied if the amount in controversy also includes the
10 amounts Plaintiff sought in his counterclaims that were rejected at arbitration.  Before the
11 Supreme Court's decision in *Badgerow*, the Ninth Circuit used a "mixed approach" to determine if
12 the amount in controversy is met in petitions following a final arbitration decision.  *Theis Rsch.,*
13 *Inc. v. Brown & Bain*, 400 F.3d 659, 663–665 (9th Cir. 2005) (noting a split among the circuits on
14 this issue); Kristen M. Blankley, *A Muddy Mess: The Supreme Court's Jurisprudence on*
15 *Jurisdiction for Arbitration Matters*, 77 U. Miami L. Rev. 676, 722 (2023).  The Ninth Circuit
16 indicated courts should consider the final amount granted in the arbitration award unless a party
17 sought to reopen the arbitration.  *Theis Rsch.*, 400 F.3d at 664–65 ("[T]he cases have turned upon
18 whether the party seeking to vacate an arbitration award also sought to reopen the arbitration.");
19 Blankley, *A Muddy Mess*, 77 U. Miami L. Rev. at 722.  In other words, if the petitioning party
20 sought to reopen the arbitration, the Ninth Circuit required district courts to consider the amount
21 being claimed in the arbitration to determine if that amount meets or exceeds the jurisdictional
22 threshold.  *Id.*

23 However, in *Badgerow,* the Supreme Court rejected a "look through" approach to
24 jurisdiction.  *Badgerow,* 596 U.S. at 11.  The Ninth Circuit has recently concluded that under
25 *Badgerow*, "facts establishing that the amount in controversy exceeds $75,000 must be present on
26 the face of a Section 9 petition to confirm an arbitration award before a district court can assert
27 diversity jurisdiction over the action." *Tesla*, 134 F.4th at 561.  Applying this principle, in *Tesla*
28 the Ninth Circuit vacated a district court order confirming a zero-dollar arbitration award that

United States District Court
Northern District of California

5

dismissed a plaintiff's libel claims, holding that "[o]n its face, a petition to confirm a zero-dollar award cannot support the amount in controversy requirement" and "a court cannot 'look through' the petition to the underlying substantive controversy." *Tesla,* 134 F.4th at 561.  Courts in this District have similarly interpreted *Badgerow* to require that the basis for federal subject matter jurisdiction must appear on the face of the petition to confirm or vacate an arbitration award:

> [T]he Supreme Court held in 2022 that the "look through" approach does not extend to motions to confirm or vacate arbitration awards under sections 9 and 10. *Badgerow*, 596 U.S. at 5. A federal court thus only has subject matter jurisdiction if the "face of the application [to confirm or vacate] itself ... shows that the contending parties are citizens of different States (with over $75,000 in dispute) ... [o]r if it alleges that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief." *Id*. at 9.  The Supreme Court reasoned that, post-award, "the underlying dispute is not now at issue." *Id*. at 18.  The resolution of the arbitration is a contractual question that "typically belongs in state courts." *Id.*

*Teleport Mobility, Inc. v. Sywula*, No. 21-cv-00874-SI, 2025 WL 860498, at *4 (N.D. Cal. Mar. 18, 2025).

      Here, the Court cannot "look through" the petition to the amounts Plaintiff could have recovered on his counterclaims that were rejected in arbitration, such as his claim for civil penalties and punitive damages, consequential damages, incidental expenses, and lost earnings, simply because Plaintiff has copied those requests for relief into his petition to vacate the arbitration award.  *Compare* Dkt. 1 at 8-9 (prayer for relief in petition to vacate arbitration award) *with* Ex. 2D to Dkt. 1 at pp. 8-9 (prayer for relief sought in Plaintiff's counterclaims in state court action).  Moreover, to the extent Plaintiff's petition to vacate the arbitration award also seeks costs and attorney's fees separate from those claimed in the underlying arbitration, those items do not count toward the amount in controversy requirement.  *See* 28 U.S.C. § 1332(a) (amount in controversy must exceed $75,000 "exclusive of interest and costs"); *Wellisch v. Pennsylvania Higher Educ. Assistance Agency*, No. 22-CV-06897-BLF, 2023 WL 398039, at *3 (N.D. Cal. Jan. 25, 2023) (self-represented litigant not entitled to recover attorney's fees).  Under the circumstances of this case, this Court need only determine if the final amount granted in the arbitration award exceeds the amount in controversy requirement.  *See Tesla*, 134 F.4th at 561.  As set forth above, the Award was in the amount of $36,394.81.  Ex. 1A to Dkt. 1 at p. 10.  This does

not satisfy the requirement that the amount in controversy be in excess of $75,000. Accordingly, the Court lacks subject matter jurisdiction.

### B.  Venue

The Court not only lacks subject matter jurisdiction, but Defendants' argument that venue here is improper is also well-taken. *See* Dkt. 9 at 6-7. Unless the Parties' agreement provides otherwise, the proper venue for a motion to vacate an arbitration award is "the United States court in and for the district wherein the award was made." 9 U.S.C. § 10. Here, the Award was issued in Atlanta, Georgia, and the Parties' rental contract expressly provides that the arbitrator's decision "may be confirmed or challenged in any court with jurisdiction as permitted under the FAA." *See* Ex. A to Dkt. 4-2 at PDF p. 18 ¶ 25(2). Accordingly, the proper venue for a petition to vacate the arbitration award is the Northern District of Georgia, not this District.

### C.  Other Arguments

Having concluded that it lacks subject matter jurisdiction and that venue is improper, the Court does not reach the merits of Plaintiff's challenge to the Award.

## IV.  CONCLUSION

For the reasons discussed above, the Court lacks subject matter jurisdiction over Plaintiff's petition to vacate the Award, and this action is therefore **DISMISSED**.

**SO ORDERED.**

Dated: May 27, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

7